UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **AUDREY SURRETT, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 2:19-cv-01983-RDP |
| } | |
| **MAKE WAY PARTNERS** } | |
| **CORPORATION, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

Plaintiffs filed a complaint before this court that contains five claims: two federal claims under Title VII and three state law claims. (Doc. # 1). After conducting limited discovery, Plaintiffs determined they could not establish Defendants' liability under Title VII. The parties then filed a Joint Report, in which they agreed this court should dismiss Plaintiffs' Title VII claims with prejudice. (Doc. # 34). However, the parties disagree as to whether Plaintiffs' state law claims should be dismissed as well. After careful consideration, this courts finds Plaintiffs' state law claims should be dismissed without prejudice.

Federal courts possess limited subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."). Here, Plaintiffs invoked 28 U.S.C. § 1331 to bring their federal claims before this court under federal question jurisdiction and 28 U.S.C. § 1337 to bring their state law claims before this court under supplemental jurisdiction. Because both parties agree Plaintiffs' federal claims should be dismissed, the sole question for this

court is whether it should exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

Under § 1337(c), once a district court "has dismissed all claims over which it has original jurisdiction," it then has the discretion to dismiss any pendant state law claims. *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("Discretion over pendant state claims is expressly conferred to district courts by statute."). Where, as here, "the federal claims are dismissed prior to trial," precedent "strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966)). Plaintiffs provide no compelling reason for why this court should ignore this line of precedent and retain jurisdiction over Plaintiffs' state law claims. And the nature of this action further indicates that Plaintiffs' pendant state law claims should be dismissed. This suit is less than a year old, has not advanced to trial, and most of the discovery efforts have been limited to issues related to the Title VII coverage.

Plaintiffs' Title VII claims are due to be dismissed with prejudice pursuant to the agreement between the parties, and, for the reasons discussed above, Plaintiffs' state law claims are due to be dismissed without prejudice. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this September 1, 2020.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE